Katherine Murphy, Appellee, v. City of Chicago, Appellant.

### Gen. No. 14,160.

1. VERDICT—*when not disturbed.* Where the evidence is conflicting a verdict will not be set aside as against the evidence unless clearly and manifestly so.

2. CONTRIBUTORY NEGLIGENCE—*when person injured upon sidewalk not guilty of. Held,* that the evidence in this case did not show that the plaintiff, who was injured upon a sidewalk, was guilty of contributory negligence which barred recovery.

3. NEW TRIAL—*when newly discovered evidence not ground for.* Newly discovered evidence if merely impeaching or cumulative in character will not warrant a new trial. A showing of newly discovered evidence, likewise, is ineffective unless accompanied by evidence of diligence having been exercised in the attempt to secure such evidence prior to the trial.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, pre-

siding. Heard in this court at the October term, 1907. Affirmed. Opinion filed February 4, 1909.

EDWARD J. BRUNDAGE and JOHN·R. CAVERLY, for appellant; CLYDE A. MORRISON· and EDWARD C. FITCH, of counsel.

GEORGE E. GORMAN, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook county for $7,500, in favor of the plaintiff and appellee, Katherine Murphy, against the city of Chicago, defendant and appellant.

The judgment was obtained in a suit brought against the city for an accident occurring, as plaintiff alleged, through a defect in the sidewalk on the west side of Morgan street between Thirty-third place and Thirty-fourth place. The date of the accident was March 3, 1905. The negligence of the city was alleged to be that it had for a long period of time prior to said date suffered and permitted certain of the boards of said sidewalk to become and remain old, rotten, loose, insufficient, insecure and unsafe, and certain large and dangerous holes to be and remain in said sidewalk. The result was alleged in the plaintiff's declaration to be that while she was walking on said sidewalk in the exercise of due care, she was "caused to stumble and trip and was thrown violently down to and upon and through the sidewalk," to her great injury, including a miscarriage caused by the accident. The defendant pleaded the general issue and the cause was submitted to a jury, which, June 20, 1907, returned a verdict for $7,500 for the plaintiff, on which, after a motion for a new trial and a motion in arrest of judgment were denied by the court, the judgment herein appealed from was entered.

The motion for a new trial was supported by sundry

affidavits, alleging evidence discovered after the verdict.

The assignments of error in this court cover many objections to the judgment, which are reduced in the brief and argument of the appellant to these three grounds: The incredibility of the testimony of appellee's witnesses, the rejection of which would leave the verdict nothing to stand upon; the evidence in the record of contributory negligence on the part of the plaintiff; and the newly discovered evidence, which should have caused the court to grant a new trial.

The first of these grounds we have carefully considered in an examination at length in the record of the testimony of appellee's witnesses.

The credibility of witnesses is a matter peculiarly within the province of the jury to pass on. And we have often so held. Whether a witness is falsifying or telling the truth, the men who see and hear him and are selected and sworn for the very purpose of passing on his testimony, are better judges than we, who have only his words on the written page, and, indeed, unless we leave the abstract for the record, not all of those. To say that is not to ignore the fact that it is our duty, as well as our right, as has been expressly declared by the Supreme Court, to pass on the weight as well as on the tendency of evidence, and that as incidental thereto we are sometimes necessarily forced to reject altogether testimony which asserts things impossible or so improbable as to seem preposterous. But that we should not have ourselves, unless moved by something not appearing in the printed record, rendered as jurymen the verdict that the actual jury did render, is not a sufficient reason for our setting aside that verdict and the judgment based on it. There is nothing impossible in the story told by the plaintiff and her witnesses, either of the accident or the resultant injuries, incredible as the defendant's counsel seem to find it. Therefore we are not at liberty to dis-

regard that evidence and ignore the fact that the jury believed it.

As the Supreme Court said in Shevalier v. Seager, 121 Ill. 569: "The truth is, the rule could not be otherwise, without invading the province of the jury to determine the credibility of witnesses, and to say which of them are to be believed in case of a conflict. To do this would be to dispense with the functions of a jury and thus destroy its utility altogether." And see for the opinion of this court expressed in a similar case—Chicago City Railway v. Bohnow, 108 Ill. App. 352.

The contributory negligence of the plaintiff which it is claimed that the evidence establishes, is that with knowledge of the defective condition of the sidewalk on Morgan street, where the accident occurred, the plaintiff nevertheless, without necessity, walked over it in the darkness. As to this objection we are constrained to say that neither is the knowledge of the defective condition of the sidewalk brought home by the evidence to the plaintiff, nor is it proven that the route she took to reach her destination on Thirty-fifth street was an unusual or unnecessary one.

If our reading of the record is correct, defendant's counsel is mistaken in his description of the movements of the plaintiff on the night in question. He says: "She went out the back door of their house" (on Fisk street) "*into* the alley, *south in the alley to Thirty-fourth street, west on Thirty-fourth street to the west side of Morgan street and south on the west side of Morgan street to the place of accident.*"

This is not by any means accurate. She went out of the back door of her house *across* the alley, in an *easterly* direction (Morgan street being east not west of Fisk street), and then passed through a vacant lot (still going in an easterly direction), to the west side of Morgan street. She was going south on the sidewalk on the west side of Morgan street and had passed Thirty-fourth street, but had not reached Thirty-fourth place (the next street south of Thirty-fourth

street) when the accident occurred. Has counsel investigated the question whether Fisk street extends, or in March, 1905, extended, south beyond the plaintiff's house, so as to meet any east and west street whatever, or whether there was any street extending west of Morgan street, between Thirty-third street and Thirty-fourth place? There is certainly nothing in this record to show it, and nothing to indicate that the route Mrs. Murphy and Mrs. Gramm took to reach the cars on the night in question was not the most natural and convenient one.

The jury were fully instructed as to the due care and the absence of negligence which would alone enable the plaintiff to recover. Their decision was not against the weight of the evidence, in our opinion.

As for the alleged newly discovered evidence, some of it is in the nature of impeaching the character of one of plaintiff's witnesses, and some of it contradiction of the description of plaintiff's physical condition before the accident, sworn to by other of her witnesses. Then there are entirely irrelevant allegations about the bad character of plaintiff's brothers. The affidavits presented are not of the persons who, it is alleged, know of these things disadvantageous to the plaintiff's case, but of "investigators" in the interest of the city.

No diligence in any attempt to secure the evidence before the trial, nor any sufficient reason why it could not have been obtained and presented at the trial, is shown.

How far this showing is from being a sufficient cause for a new trial in the opinion of this court, may be seen by a reference to the opinions of this court in Chicago City Railway Company v. Bohnow, 108 Ill. App. 346, and in McDonald v. the People, 123 Ill. App. 346.

We do not think the verdict, though large, is such that it should be disturbed on the ground of excessiveness.

The judgment of the Superior Court is therefore affirmed.                                    *Affirmed.*